DLD-341                                                        **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1844
_____

KEITH ANDERSON,
                                        Appellant

v.

LOUIS FOLINO, SUPERINTENDENT; VICTOR SANTOYA; BOGDEN; NELSON;
STUMP; RUSH; DUKE; BOWMAN; RICK SHAFFER; RAUENSWINDER;
KERFELT; WILSON; DONNA DOE; ROXANNE DOE; MEGA; TANNER;
MICHELE HOWARD-DIGGS; WALTERS; GRIM; JOHN MCNANY
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 10-cv-00937)
District Judge:  Honorable Gary L. Lancaster
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 18, 2013

Before:  AMBRO, SMITH and CHAGARES, <u>Circuit</u> <u>Judges</u>

(Opinion filed: July 30, 2013)

_____

OPINION
_____

PER CURIAM

Keith Anderson appeals the District Court's order granting Appellees' motions for summary judgment. For the reasons below, we will summarily affirm the District Court's order.

Because we write primarily for the parties and the District Court thoroughly set forth the factual and procedural background in its opinion, we will limit our discussion to the facts that are helpful to our analysis. Anderson, a prisoner proceeding pro se, filed a civil rights complaint. After Appellees' motions to dismiss were granted in part, Anderson filed an amended complaint and then a second amended complaint. After discovery, Appellees filed motions for summary judgment. The Magistrate Judge recommended that the motions be granted. The District Court adopted the Report and Recommendation as its opinion and granted the motions. Anderson then filed his objections to the Report and Recommendation and a motion to amend or alter the judgment. The District Court reviewed the belated objections and denied the motion to amend or alter the judgment. Anderson filed a notice of appeal. Appellee Howard-Diggs has filed a motion for summary affirmance.

We have jurisdiction under 28 U.S.C. § 1291. We review the District Court's order granting summary judgment de novo and review the facts in the light most favorable to the nonmoving party. Burns v. Pa. Dep't of Corr., 642 F.3d 163, 170 (3d Cir. 2011). A grant of summary judgment will be affirmed if our review reveals that

"there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

In his response to the summary judgment motions, Anderson did not discuss the merits of any of his claims. He simply argued that the Appellees' motions addressed the first amended complaint instead of the second amended complaint. He did not specify any claims which had not been addressed or contest any of the Appellees' evidence. He did not respond to or dispute the Appellees' Concise Statements of Material Facts.

Despite Anderson's limited response, the Magistrate Judge thoroughly described and addressed his claims in her Report and Recommendation. She noted that she would not address any claims which had been dismissed with prejudice in the earlier order. In his objections to the Report and Recommendation, Anderson repeated the same arguments he made in opposition to the summary judgment motions. He also challenged the Magistrate Judge's determination that his lack of response to the concise statements should be considered an admission of the facts therein. He again did not discuss the merits of his claims or dispute any specific factual statements by the Appellees. The District Court adopted the Report and Recommendation and granted summary judgment to Appellees.

On appeal, Anderson repeats his argument that the Appellees addressed the wrong complaint. He admits that he failed to respond to Appellees' Concise Statements of

Material Facts. He has not pointed to any mistake made by the District Court in evaluating his claims or disputed any of the facts in the Appellees' Concise Statements.

A review of the procedural history of Anderson's claims indicates that his claims have been appropriately addressed. In his original complaint, Anderson brought claims against twenty defendants. The District Court dismissed several claims with prejudice. However, it dismissed Anderson's claims of denial of medical care, failure to intervene, and conspiracy without prejudice to his filing an amended complaint. It denied the motion to dismiss with respect to Anderson's claims of failure to intervene and conspiracy against Rauswinder and his state law tort claims. Appellees had not moved to dismiss Anderson's claims of excessive force and retaliation against Shaffer.

In his first amended complaint, Anderson raised two claims—excessive force and failure to intervene—against three defendants, Folino, Shaffer, and Rauswinder. After Appellees filed motions to dismiss, Anderson was given the opportunity to file a second amended complaint. When Anderson asked for clarification, the Magistrate Judge noted that if Anderson included any new claims or claims previously dismissed, they would be struck from the complaint.

In his second amended complaint, he brought claims against twenty defendants including violations of his First Amendment right to petition the government, excessive force, denial of medical care, and denial of Equal Protection. Appellees again filed

motions to dismiss. The Magistrate Judge dismissed the motions to dismiss without prejudice to Appellees filing motions for summary judgment.

The claims remaining at the time of Appellees' motions for summary judgment were those claims that had survived the initial motions to dismiss (excessive force and retaliation against Shaffer, failure to intervene and conspiracy against Rauswinder and the state law tort claims) and those claims Anderson was permitted to amend (denial of medical care, failure to intervene, and conspiracy). While the Correctional Appellees may have mistakenly referred to the first amended complaint in their motion for summary judgment, they addressed Anderson's claims of denial of medical care, excessive force, conspiracy, and failure to intervene, and argued that Anderson had not exhausted his administrative remedies with respect to several claims. They noted that Anderson denied bringing any state law tort claims. In the District Court and on appeal, Anderson has not pointed to any claim that was not addressed by Appellees or the District Court. The failure to raise an issue in the District Court results in its waiver on appeal. Webb v. City of Philadelphia, 562 F.3d 256, 263 (3d Cir. 2009).

Summary action is appropriate if there is no substantial question presented in the appeal. See Third Circuit LAR 27.4. For the above reasons, as well as those set forth by the District Court, we will summarily affirm the District Court's order. See Third Circuit I.O.P. 10.6. Appellee Howard-Diggs's motion for summary affirmance is granted.

5